**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **(1) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>) Case No. CIV 08-187-JHP<br>) |
| **(1) CHRISTOPHER VOKOUN,**<br>**(2) DEBRA VOKOUN,**<br>**(3) RUBY THOMAS-AYALA, as wife and next friend of JORGE ESPINOZA-AYALA, deceased,**<br>**(4) JACOB GOODWIN, AND**<br>**(5) STEVEN CRAIG,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiff State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment and Brief in Support. (Docket Nos. 20 and 21). For the reasons set forth in the Plaintiff's Motion for Summary Judgment and Brief in Support, and for the reasons set forth herein, Plaintiff's Motion for Summary Judgment is granted.

This is an action for declaratory judgment brought by State Farm Mutual Automobile Insurance Company ("State Farm") to determine State Farm's rights and liabilities under an automobile insurance policy for a lawsuit filed against Defendant, Jacob Goodwin, in the District Court in and for Cherokee County, Oklahoma, in Case No. CJ-2007-857 styled *Christopher Vokoun, Debra Vokoun, and Ruby Thomas-Ayala, as wife and next friend of Jorge Espinoza-Ayala v. Jacob Goodwin, Steven Craig and American Commerce Insurance Company*, (hereinafter "Cherokee County Lawsuit"). State Farm has requested a declaration from this Court as follows:

1

(1) That there is no coverage for defense or indemnity under State Farm Policy No. 895900-F20-36 for any claims asserted by Christopher Vokoun, Debra Vokoun and Ruby Thomas-Ayala against Jacob Goodwin in the litigation styled *Christopher Vokoun, Debra Vokoun, and Ruby Thomas-Ayala, as wife and next friend of Jorge Espinoza-Ayala v. Jacob Goodwin, Steven Craig and American Commerce Insurance Company*, in Case No. CJ-2007-857, pending in the District Court in and for Cherokee County, Oklahoma; and

(2) That there is no coverage for defense or indemnity for any claim that could be or may be made against Jacob Goodwin in the future by Steven Craig, or anyone claiming through Steven Craig, for the events alleged in, or any judgment arising out of, the litigation styled *Christopher Vokoun, Debra Vokoun, and Ruby Thomas-Ayala, as wife and next friend of Jorge Espinoza-Ayala v. Jacob Goodwin, Steven Craig and American Commerce Insurance Company*, in Case No. CJ-2007-857, pending in the District Court in and for Cherokee County, Oklahoma.

In the Cherokee County lawsuit, Christopher Vokoun, Debra Vokoun and Ruby Thomas-Ayala allege that on or about February 2, 2007, an automobile accident occurred in which a vehicle driven by Jacob Goodwin collided with a vehicle driven by Christopher Vokoun and in which Debra Vokoun was a passenger, thereby causing personal injuries to both Christopher Vokoun and Debra Vokoun. It is further alleged that the vehicle driven by Mr. Goodwin subsequently collided head-on with a vehicle occupied by Jorge Espinoza-Ayala, thereby resulting in fatal injuries to Mr. Espinoza-Ayala. Christopher Vokoun and Debra Vokoun brought suit against Jacob Goodwin for personal injuries sustained in the accident. Ruby Thomas-Ayala brought suit against Jacob Goodwin for the wrongful death of Jorge Espinoza-Ayala. Christopher Vokoun, Debra Vokoun and Ruby Thomas Ayala also brought suit against Steven Craig, alleging that Steven Craig hosted a party immediately prior to the accident in which alcoholic beverages were served to Jacob Goodwin, and that Steven Craig's actions constitute negligence and negligence *per se*.

At the time of the accident, Jacob Goodwin was driving a vehicle owned by a non-party to this action, David Craig. David Craig reported his vehicle as stolen and testified under oath in a

criminal proceeding against Jacob Goodwin that Jacob Goodwin took Mr. Craig's vehicle without permission on the night of the accident. Jacob Goodwin has testified that he has no reason to believe that anybody gave him permission to use David Craig's vehicle. Jacob Goodwin testified he has no reason to dispute David Craig's testimony.

At the time of the accident, Jacob Goodwin was an insured driver under a State Farm automobile liability insurance policy, Policy No. 895900-F20-36, issued to Jacob Goodwin's father, Daryl Goodwin. The vehicle listed on Policy No. 895900-F20-36 was not involved in the accident in question.

The State Farm policy also provides coverage under certain circumstances, however, when an insured driver is operating a "***Non-Owned Car***." The issue in this case is whether the vehicle Jacob Goodwin was driving at the time of the accident qualifies as a "***Non-Owned Car***" under the State Farm policy. The definition of "***Non-Owned Car***" contained in the State Farm policy requires that the insured be in "lawful possession" of the vehicle.

Generally speaking, the insured bears the burden of demonstrating that a loss falls within the policy coverage. Couch on Insurance, Third Edition, § 254.11 (Updated 2008). "It is a basic rule of insurance law that the insured carries the burden of showing a covered loss has occurred and the insurer must prove facts that bring a loss within an exclusionary clause of the policy." Pitman v. Blue Cross & Blue Shield of Okla., 217 F.3d 1291, 1298 (10th Cir.2000); see generally, State Mut. Life Assur. Co. of America v. Hampton, 696 P.2d 1027, 1034 (Okla. 1985); Security Mut. Life Ins. v. Hollingsworth, 459 P.2d 592, 599 (Okla. 1969). In Carter v. Bush, 753 S.W.2d 534 (Ark. 1988), the Arkansas Supreme Court held that the definition of "***non-owned car***" in a State Farm policy "is part of the clause defining coverage and State Farm's denial of [plaintiff's] allegation of coverage

3

places the burden on her." Id. The court in State Farm Mut. Auto. Ins. Co. v. Stockley, 168 S.W.3d 598 (Mo. Ct. App. 2005), agreed that a party asserting coverage for a "***non-owned car***" in a State Farm policy bears the burden of proof. Id. at 600. Pursuant to the foregoing authority, it is the burden of the Jacob Goodwin, or anyone claiming coverage for the accident under the State Farm policy, to demonstrate that Jacob Goodwin was in "lawful possession" of David Craig's vehicle at the time of the accident.

In this case, State Farm has affirmatively set forth evidence in the form of testimony from David Craig and Jacob Goodwin which supports State Farm's claim that the vehicle Jacob Goodwin was operating at the time of the accident does not qualify as a "***Non-Owned Car***" under the State Farm policy. Because the vehicle involved in the accident was not insured under State Farm Policy No. 895900-F20-36, and because the vehicle Jacob Goodwin was driving at the time of the accident does not qualify as a "***Non-Owned Car***," there is no coverage under the State Farm policy for the accident in question.

For the reasons set forth above, State Farm's Motion for Summary Judgment is granted.

DATED this 25th day of September, 2008.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma